OTHELLO, The (CARTWRIGHT v.). See Case No. 2,483.

OTIS (BALMEAR v.). See Case No. 819.

OTIS (CUNNINGHAM v.). See Case No. 3,-485.

OTIS, The (HART v.). See Case No. 6,154.

## Case No. 10,612.

### OTIS v. MONTGOMERY & E. R. CO.

[8 Reporter, 263.] 1

Circuit Court, S. D. New York. June 13, 1879.

NEW TRIAL—IMPEACHMENT OF PARTY.

A party is bound to anticipate an attack upon his credibility, and if he submits his case to the jury without asking for time to produce sustaining witnesses the court will not grant a new trial, though the testimony was as to general reputation.

Motion for new trial.

WALLACE, Circuit Judge. If the point had been made at the trial, that the plaintiff could not properly be impeached as a witness by proof that his general reputation among those who knew him was bad, the defendant might have given evidence to show the character of the plaintiff for truth and veracity. The point was not made, however,

---

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

2 [Affirming in part, and reversing in part, Case No. 2,483.]

1 [Reprinted by permission.]

but the contention on the trial was, that any evidence to impeach the plaintiff was inadmissible. This position was not tenable, because the impeachment was not of the plaintiff as a party, but as a witness, upon whose credibility the issue of fact wholly turned. The case was submitted to the jury upon the assumption that the evidence justified them in discrediting the testimony of the plaintiff because of the impeachment; and no exception was taken on the part of the plaintiff and no instruction asked to the effect that the evidence was not sufficient as an impeachment of the witness. Under these circumstances it would be unfair to the defendant to permit the point now taken to prevail, when had it been taken at the trial it might have been obviated. While the result of the trial may have been a surprise to the plaintiff, and while it may be true that he could have repelled the attack on his credibility, he was bound to anticipate the attack, and, in any event, should have asked for time to produce sustaining witnesses. If the result was produced by prejudice upon the part of the jury, there is nothing in the case to indicate this conclusion in view of the fact that the impeachment of the plaintiff was treated as one which the jury had the right to regard as an effectual one. Motion denied.